The judgment of the United States Customs Court is *reversed*.

UNITED STATES *v.* JOHN WANAMAKER (No. 3584)[1]

[1] T. D. 46185.

United States Court of Customs and Patent Appeals, January 23, 1933

*Charles D. Lawrence*, Assistant Attorney General (*William H. Futrell*, special attorney, of counsel), for the United States.
*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellee.

[Oral argument December 7, 1932, by Mr. Lawrence and Mr. Brown]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The merchandise involved in this appeal consists of two books entitled "Old Oriental Carpets." They are of bona fide foreign authorship and bound in leather.

The collector classified the same under the provision "all other, not specially provided for, 25 per centum ad valorem," in paragraph 1310 of the Tariff Act of 1922.

The books were separately imported and two protests were filed by the appellee. It was claimed in the first protest (327015–G) that the book was dutiable under—

the first part of paragraph 1310 at only 15% ad valorem as being of bona fide foreign authorship.

The second protest (397196–G) contains the following language:

Said merchandise is covered by, and is dutiable under, par. 1310 at only 15% ad val. In any event the sheets or printed pages are separately dutiable as aforesaid.

The pertinent portions of paragraph 1310 read as follows:

PAR. 1310. Unbound books of all kinds, bound books of all kinds except those bound wholly or in part in leather, sheets or printed pages of books bound wholly or in part in leather, pamphlets, music in books or sheets, and printed matter, all the foregoing not specially provided for, if of bona fide foreign authorship, 15 per centum ad valorem; all other, not specially provided for, 25 per centum ad valorem; blank books, slate books, drawings, engravings, photographs, etchings, maps, and charts, 25 per centum ad valorem; book bindings or covers wholly or in part of leather, not specially provided for, 30 per centum ad valorem; * * *.

The United States Customs Court evidently treated both the protests as being identical. Its judgment in part is as follows:

It is hereby ordered, adjudged, and decreed that the claim in this suit that the sheets or printed pages of the two books in question, entitled "Old Oriental Carpets," are dutiable at the rate of 15 per centum ad valorem under the provision in paragraph 1310 of the act of 1922 for "sheets or printed pages of books bound wholly or in part in leather, * * * not specially provided for, * * * of bona fide foreign authorship," is sustained, and the collector of customs at the port of New York will reliquidate the entries accordingly.

The Government has appealed to this court and here contends, among other things, that the court below erred in its decision holding a portion of the importation dutiable as "sheets or printed pages of books bound wholly or in part in leather" and contends that the proper dutiable classification is under the provision for "all other, not specially provided for," as found by the collector. The Government also raises the question of the sufficiency of the protests to warrant the judgment of the court below and points out that in protest 327015–G the importer claims the entire book dutiable at 15 per centum, while in protest 397196–G the importer claims the sheets or printed pages to be separately dutiable at 15 per centum and does not point out the proper dutiable classification of the bindings.

In the importer's brief, following to a large extent our example in *United States* v. *Field & Co.*, 14 Ct. Cust. Appls. 376, T. D. 42031, the paragraph is divided into the following subdivisions:

(1) (a) Unbound books of all kinds;
    (b) bound books of all kinds except those bound wholly or in part in leather;
    (c) sheets or printed pages of books bound wholly or in part in leather;
    (d) pamphlets, music in books or sheets, and printed matter;
all the foregoing, not specially provided for, if of bona fide foreign authorship, 15 per centum ad valorem;
(2) All other, not specially provided for, 25 per centum ad valorem;
(3) Blank books, slate books, drawings, engravings, photographs, etchings, maps, and charts, 25 per centum ad valorem;
(4) Book bindings or covers wholly or in part of leather, not specially provided for, 30 per centum ad valorem.

For the purposes of this opinion we will adopt the above analytical treatment of the paragraph.

The importer here contends that the leather-bound books of bona fide foreign authorship should have been separated by the collector into two dutiable items—first, sheets and printed pages of books (which are bound wholly or in part in leather); second, bindings or covers wholly or in part of leather. The importer relies chiefly upon the decision in *United States* v. *Field & Co.*, *supra*, and contends that our decision in *United States* v. *Tice & Lynch (Inc.)*, 18 C. C. P. A. (Customs) 155, T. D. 44363, is not controlling.

We will first pass upon the sufficiency of the protests. As to the first-mentioned protest, in which the imported merchandise is broadly

384

claimed to be dutiable under paragraph 1310 at 15 per centum ad valorem, we think (under the particular circumstances of this case) that the protest is insufficient to entitle the importer to the relief granted by the court below. In the light of appellee's contentions here and in the court below, and in consideration of the inapplicability of the other provisions of the paragraph which provide for a duty of 15 per centum ad valorem, we think it fair to hold that by this protest appellee informed the collector that the importation was a dutiable entirety, consisting of a book made up of sheets or printed pages which was wholly or in part bound in leather, and, as such, came within provision (c) of part (1) of the paragraph. We are of the opinion that appellee's claim was not equivalent to claiming that a portion of the merchandise, to wit, the sheets, was dutiable under such provision as a separate dutiable entity. *United States* v. *Sheldon & Co.*, 5 Ct. Cust. Appls. 427, T. D. 34946.

We think the second protest points out with sufficient clearness the dutiable status claimed for the sheets in the book, and we agree with the contentions of the importer and the decision of the court below that by the use of the term "sheets or printed pages of books bound wholly or in part in leather" Congress did not intend to therein provide for a leather-bound book as an entirety, but intended thereby to make a separate dutiable provision for the sheets and printed pages when imported in leather-bound condition. Congress made a separate and definite provision for the bindings under the fourth subdivision of the same paragraph—"book bindings and covers wholly or in part of leather."

The Government has argued very earnestly that the provision for "sheets or printed pages of books bound wholly or in part in leather" was intended to include sheets of books which had been bound with leather, but which, by reason of their character, such as the absence of a material portion of the sheets, did not constitute a book; and that said provision aptly covered "dummies" or "prospectuses," which are frequently imported for the use of the prospective buyers. The Government further contends that provision (2), "all other, not specially provided for," means *all other books*, and that under the decision of this court in *United States* v. *Tice & Lynch (Inc.)*, *supra*, the volumes in question were dutiable thereunder at 25 per centum ad valorem.

We quote from the syllabus of *United States* v. *Field & Co.*, *supra*:

Paragraph 1310, Tariff Act of 1922, provides in the first clause, for certain books, "if of bona fide foreign authorship," and, in the second, for "all other, not specially provided for." No article not susceptible of authorship is classifiable under either clause; and the second clause covers the books of the first, if of other than *bona fide* foreign authorship. To hold that the second clause covers all other *books* would render the provisions in the paragraph for certain other *named* books surplusage. (Italics quoted.)

The holding in the *Field* case, *supra*, is directly opposed to the contentions of the Government, as to the proper interpretation to be given to the said term: "all other,  *  *  *.*"

In *United States* v. *Tice & Lynch* (*Inc.*), *supra*, relied upon by the Government as overruling the *Field* case, *supra*, the question for decision by the court was whether the imported merchandise, in the form of a book, was a manuscript or something more than a manuscript, and, while it tends to support the contentions of the Government, we do not regard it as controlling of our decision in the case at bar.

It seems obvious that Congress intended that a leather-bound book of bona fide foreign authorship would find dutiable classification under one of the several provisions of paragraph 1310. It is also obvious that it could not be classified under subdivision (a), (b), or (d) of part (1) of the paragraph, nor under part (3) or part (4). Under the *Field* case, *supra*, it is not dutiable under part (2). It seems reasonable that Congress intended the sheets or printed pages to be dutiable under (c) of part (1) and the leather bindings to be dutiable under part (4).

The context of the paragraph under consideration, when its several different provisions are considered together, supports the above conclusion, and this is especially true when it is considered in connection with the provision in the free-list paragraph, 1528, which is, in part, as follows:

PAR. 1528.  *  *  * books, maps, music, engravings, photographs, etchings, lithographic prints, bound or unbound, and charts, which have been printed more than twenty years at the time of importation: *Provided*, That where any such books have been rebound wholly or in part in leather within such period, the binding so placed upon such books shall be dutiable as provided in paragraph 1310.

We think, therefore, that Congress by the provision "sheets or printed pages of books bound wholly or in part in leather" intended to make dutiable thereunder, under certain circumstances, the printed portion of a leather-bound book without including therein the binding.

For the reasons hereinbefore set out, we agree to the correctness of the decision of the United States Customs Court holding that the book involved in protest 397196–G should be classified under paragraph 1310, *supra*, in separate entities—the printed pages thereof dutiable under the provision for "sheets and printed pages of books" at 15 per centum, and the binding thereof dutiable under "book bindings or covers [etc.]" at 30 per centum ad valorem.

While the *decision* of the court below is as above indicated, the *judgment* of the court went only to the sheets or printed pages. The decision was to the effect that the leather bindings of the two books

in question should have been classified at 30 per centum ad valorem, and with reference thereto the court said:

However, as said bindings were not so classified by the collector, his decision, even though erroneous, must stand.

The Government in argument has pointed out that the judgment of the court below, sustaining the protest as to the sheets or pages and ordering the collector of customs to reliquidate the entries accordingly, may require a reliquidation upon an invalid appraisement. Since the appraisement was made on the books as entireties it is at once apparent that such appraisement is invalid and void, and it follows that the court's finding, that the collector's classification of the bindings and assessment of duty thereon at 25 per centum "must stand," was erroneous.

This being a classification case, we find ourselves in substantially the same position we were in in the case of *United States* v. *Alex. Murphy & Co.*, 16 Ct. Cust. Appls. 461, T. D. 43210, wherein this court said:

It would seem that, the appraisement made being void, the matter might be regarded as now pending before the local appraiser for an appraisement * * * and that the court below would be authorized to direct the collector to reliquidate the entry upon a new appraisement * * * unless, after such appraisement * * *.

The judgment of the United States Customs Court is *modified*. It is *affirmed* as to the sheets or printed pages of the book involved in protest 397196–G and *reversed* in all other respects, and the cause is *remanded* for further proceedings not inconsistent with the views herein expressed.

### CONCURRING OPINION

LENROOT, Judge, specially concurring: I concur in the opinion written by Judge Bland except the portion thereof relating to the case of *United States* v. *Alex. Murphy & Co.*, 16 Ct. Cust. Appls. 461, T. D. 43210.

I can not agree that the language quoted from the opinion in said case expresses a proper rule in a case arising upon protest. Applied to the case at bar, I do not think that, because the appraisement made by the local appraiser is void, "the matter might be regarded as now pending before the local appraiser." As I view it the local appraiser would have no jurisdiction to appraise the merchandise here involved until the liquidation of the entry by the collector had been set aside or vacated. I do not think that while the case is pending before us, or so long as it is pending in the Customs Court, the local appraiser may proceed to make an appraisement of the merchandise here involved. The collector, under the law, could not reliquidate the entry otherwise than pursuant to a judgment of the United States

Customs Court, and it is my view that until a judgment of such court becomes final, setting aside the liquidation protested, neither the collector nor the appraiser may take any steps looking toward a reliquidation.

Furthermore, I do not think that in a protest case either this court or the Customs Court has any jurisdiction to direct a new appraisement, as the quotation from the opinion in *United States* v. *Alex. Murphy & Co., supra,* would seem to indicate.

### DISSENTING OPINION

HATFIELD, Judge, dissenting in part: I concur in the construction placed upon paragraph 1310 of the Tariff Act of 1922 and in the conclusion reached by the majority of the court as to the issues involved in protest 397196–G. I am unable to agree, however, to that part of the decision holding that protest 327015–G was "insufficient to entitle the importer to the relief granted by the court below."

It has been frequently held that protests should be liberally, not strictly, construed; that the object of a protest was to call the collector's attention to the nature of the objection made to his decision, so that the Government might avoid litigation if it saw fit to do so. *United States* v. *Malone*, 12 Ct. Cust. Appls. 178, T. D. 40167, and cases cited. We have recently restated the rule in the following language:

A protest is sufficient and may be sustained by the courts when it appears therefrom that, at the time it was filed, or as thereafter duly amended, the importer had in mind the objection to the collector's classification or decision which he afterwards made at the trial, and that it was sufficiently specific, *according to the circumstances*, to direct the collector's attention to the importer's claims. (Italics ours.)

*United States* v. *Globe Shipping Co. (Inc.)*, 19 C. C. P. A. (Customs) 148, T. D. 45262.

In protest 327015–G the importer protested the assessment of a 25 per centum ad valorem duty under paragraph 1310, "on books, pamphlets, printed matter, publications, or similar merchandise," covered by the entry, and claimed that the imported merchandise was dutiable at only 15 per centum ad valorem under the first part of paragraph 1310 as being "of bona fide foreign authorship." The matter was referred by the collector to the appraiser, who made a special report in which he stated, among other things, that the merchandise consisted of books of bona fide foreign authorship, bound in leather. Accordingly, the issue of foreign authorship, the only question of fact involved, so far as paragraph 1310 is concerned, having been determined in favor of the importer, it is clear, and the majority opinion so holds, that, as a matter of law, the book was not dutiable

as an entirety, as assessed by the collector, but, on the contrary, the sheets or printed pages were dutiable at 15 per centum ad valorem under paragraph 1310, and the leather binding was separately dutiable at 30 per centum ad valorem under the same paragraph.

The collector, of course, must be charged with knowledge of the law, and, when it was pointed out to him, as it was, that the book, bound in leather, was wrongly assessed, and that it was of bona fide foreign authorship, he knew that, as a matter of law, the sheets or printed pages were dutiable at 15 per centum ad valorem under paragraph 1310, and that the leather binding was separately dutiable at 30 per centum ad valorem under the same paragraph. Why, then, should the importer be required to inform the collector of a legal conclusion (that a book of bona fide foreign authorship is not dutiable as an entirety) of which the collector is charged with knowledge?

I am of opinion that, under the circumstances of this case, the protest was sufficiently specific to direct the collector's attention to the proposition that the book was not dutiable as an entirety, and that it was sufficient to "entitle the importer to the relief granted by the court below."

Judge GARRETT concurs in the foregoing.